VALENTZ, APPELLEE, *v.* ADMR., OHIO BUREAU OF EMPLOYMENT SERVICES, APPELLANT.

(No. 3317—Decided December 10, 1984.)

*Frank Valentz, pro se.*
*James M. McNally,* for appellant.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Trumbull County, in which the court reversed the order of the board of review and granted unemployment benefits to plaintiff-appellee, Frank Valentz. We affirm.

The board of review made the following findings of fact:

"Claimant filed an application for determination of benefit rights on July 19, 1982. The only employers for whom claimant performed any services whatsoever during the fifty-four (54) weeks prior to filing his application for determination of benefit rights were United Engineers & Constructors and F. Valentz, Inc. During the period from July 5, 1981, through July 3, 1982, claimant worked for United Engineers and Constructors, Inc., in thirteen (13) weeks in which he earned $20.00 or more, with total gross earnings in the amount of $12,165.81. F. Valentz, Inc., was incorporated in 1965. Claimant is the president and sole stockholder of F. Valentz, Inc. F. Valentz, Inc. conducted no business in 1981 or 1982. Claimant avers that on January 8, January 15, January 30, February 2, February 15, March 2, and March 13, 1982, he spent approximately one hour each day checking the mail of F. Valentz, Inc. Claimant decided that he should be paid for his services and checking said mail, and accordingly transferred a drawing board from F. Valentz, Inc. to claimant as payment for his 'services' on the above referred to dates. Claimant has determined that the value of the drawing board is $140.00 and that he paid himself $20.00 for each day he spent checking the mail of F. Valentz, Inc."

The holding of the board of review was that taking care of the mail was not a bona fide service. As a consequence, they threw out seven credit weeks leaving appellee with only thirteen credit weeks. Twenty credit weeks within the base period are required.

The common pleas court held that appellee was entitled to unemployment benefits. The only issue open for the common pleas court's decision was whether appellee was entitled to the seven credit weeks in which his service was attending to the mail. The common pleas court, by ruling in appellee's favor, had to rule that appellee's services in attending to the mail were bona fide and worth $20 a week.

We have no argument with the court's ruling. It certainly is worth $20 a week to have a capable, competent, and honest person take care of the mail.

The appellant Administrator of the Ohio Bureau of Employment Services has presented three assignments of error which are as follows:

"I. The lower court erred in applying an improper standard of review in its conclusion of this matter.

"II. The lower court erred in finding the claimant to be entitled to unemployment compensation benefits.

"III. The lower court erred in reversing the Board's decision for failing to timely file the Board record and transcript where the Board did not receive notice of the appeal."

These assignments of error are without merit.

The appellant's brief is based on the assumption that there was a weighing of evidence. Obviously in this case there was no conflicting evidence.

The pertinent testimony is as follows:

"A. '80 — '82. I give you the dates in January. That was just — an hour on the 8th, 15th, and the 30th, a total of three hours in January. February, (Referee interrupts)

"Q. I'm sorry, you worked one hour on each of those days.

"A. Yeah.

"Q. Okay. In February.

"A. 2nd, 16th, March, that's the 2nd and the 13th.

"Q. And how were you paid?

"A. I was paid by the — the drawing board which past [sic] into my hands which was worth $140.00 — 50.00, something like that. I — I did not — I did not (Referee interrupts)

"Q. I'm sorry, I'm at a loss here.

"A. The corporation did not pay me as such. They didn't have any cash. So I took at the end some furniture.

"Q. You took your pay in furniture?

"A. Yes.

"Q. And did you work — I'm sorry, you got one hour on each of those dates you listed?

"A. Yes.

"Q. And what services did you perfrom [sic] for F. Valentz Incorporated on each of those dates?

"A. (indiscernible) mail taxes form, sorting th — keeping things, redoing anything that may have come in through the mail and required —

"Q. It was just an updating of whatever mail had come in, is that correct?

"A. Yeah, and that —

"Q. And what?

"A. Keeping track of records of whatever I had which isn't much anymore.

"Q. Did you have a job title with F. Valentz Incorporated?

"A. Well, I was the president of the company. Was also — did whatever work was necessary when I had to.

"Q. And the furniture that you took, what furniture was it?

"A. The drawing board.

"Q. It's like a draftsman drawing board?

"A. It does.

"Q. Do you know what the value of that drawing board is?

"A. About $140.00."

It was erroneous for the board of review to totally disregard this testimony.

In consideration of the above, the first and second assignments of error are overruled.

In assignment of error number III, appellant argues that the board's record was not filed. In our review of the file, we do not reach that conclusion. This assignment of error is accordingly overruled.

The decision of the board was unreasonable, unlawful, and against the manifest weight of the evidence. In fact, as stated above, there was *no* evidence to support the board's conclusion.

"A decision of the unemployment compensation board of review to deny benefits to a claimant for unemployment compensation will be reversed on appeal where not supported on the record by relevant probative evidence." 54 Ohio Jurisprudence 2d (1984 Cum. Supp.), Unemployment Compensation, Section 58, at fn. 12.

Additionally, R.C. 4141.28(O) states in part:

"* * * If the court finds that the decision was unlawful, unreasonable, or

against the manifest weight of the evidence, it shall reverse and vacate such decision or it may modify such decision and enter final judgment * * *.''

The decision of the board was unlawful, unreasonable, and against all of the evidence. The trial court was correct in reversing the board, vacating its decision, and entering judgment for appellee.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN, J., concurs.

COOK, P.J., dissents.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.